United States District Court

Eastern District of California

Rowland Dewitt Pugh,

        Plaintiff,                   No. Civ. S 04-1090 MCE PAN P

    vs.                              Findings and Recommendations

S. Ransdell, et al.,

        Defendants.

-oOo-

    Plaintiff is a prisoner without counsel prosecuting this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants move to dismiss upon the ground plaintiff fails to state a claim upon which relief could be granted.  Plaintiff opposes.

    Plaintiff's complaint, including the attachments, alleges that between November 1, 2000, and December 2001, while plaintiff was at High Desert State Prison (HDSP), defendants S. Ransdell and M. Jennings refused to process and log plaintiff's grievances, including one regarding the April 4, 2001, conduct of

1  HDSP correctional officer Doyle.  December 9, 2001, after his
2  transfer to Corcoran State Prison, plaintiff submitted a
3  grievance about defendants' refusal, requesting they be directed
4  to log and process plaintiff's grievances and that they be
5  directed to stop discriminating and retaliating against
6  plaintiff.
7      The second-level reviewer found plaintiff's HDSP appeal
8  concerning Doyle was being processed but plaintiff had not
9  presented any evidence that Ransdell or Jennings had retaliated
10 or discriminated against plaintiff.  The Corcoran appeal was
11 granted because plaintiff's HDSP appeals were being processed.
12     Plaintiff appealed, alleging unspecified problems with
13 defendants.  The appeal was denied upon the ground there was no
14 unresolved issue to be reviewed on the Director's Level of
15 Review.
16     On a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), the
17 court must accept plaintiff's allegations as true, read the
18 complaint most favorably to plaintiff, give plaintiff the benefit
19 of every reasonable inference that appears from the pleading and
20 argument of the case and dismiss the complaint only if it is
21 clear that no relief could be granted under any set of facts that
22 could be proved consistent with the allegations. Wheeldin v.
23 Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International
24 Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746,
25 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73
26 (1984).  The court may consider documents attached to the

complaint in evaluating a motion to dismiss.  <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

    Plaintiff claims defendants refused to process his grievances in violation of the First Amendment.  Defendants contend this claim should be dismissed because plaintiff fails to allege their actions caused injury.

    To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1988).  The First Amendment right to petition the government for redress of grievances includes the right of meaningful access to the courts which, in turn, includes a prisoner's right to use established prison grievance procedures. <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995); <u>Sorrano's Gasco, Inc., v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989); <u>Vlandingham v. Bojorquz</u>, 866 F.2d 1135 (9th Cir. 1989).  To state a claim for the denial of access to courts plaintiff must allege specific acts resulted in the rejection of, or inability to bring, a nonfrivolous, actionable claim related to his conviction or conditions of confinement.  <u>Lewis v. Casey</u>, 518 U.S. 343, 353, 355 (1996).

    Plaintiff's allegations and attachments show prison officials processed plaintiff's HDSP grievance and plaintiff does not allege the way the grievance was handled resulted in the rejection of, or inability to bring, a nonfrivolous, actionable

1 claim related to his conviction or conditions of confinement.
2 Accordingly, plaintiff fails to state a claim.
3     Plaintiff claims defendants refused to process his
4 grievances in violation of the Due Process Clause of the
5 Fourteenth Amendment.  Defendants contend plaintiff's due process
6 claim should be dismissed because plaintiff has no liberty
7 interest in an administrative appeals process.
8     For an individual to have a protectable right, he must have
9 "a legitimate claim of entitlement to it."  Greenholtz v. Inmates
10 of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).
11 But prisoners have "no legitimate claim of entitlement to a
12 grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th
13 Cir.), *cert. denied*, 488 U.S. 898 (1988).  Since plaintiff has no
14 constitutionally protected interest in a grievance procedure, he
15 cannot state a claim.
16     For these reasons, defendants' November 1, 2004, motion to
17 dismiss should be granted and this action should be dismissed.
18     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
19 findings and recommendations are submitted to the United States
20 District Judge assigned to this case.  Written objections may be
21 filed within 20 days of service of these findings and
22 recommendations.  The document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendations."  The district
24 judge may accept, reject, or modify these findings and
25 recommendations in whole or in part.
26     Dated:  June 9, 2005.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

  /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge